```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
JOSE COLON,                         x
                                    x      02 Civ. 8671 (SWK)
         Petitioner                 x      91 Cr. 685 (SWK)
                                    x
         -against-                  x
                                    x      OPINION AND ORDER
UNITED STATES OF AMERICA,           x
                                    x
         Respondent.                x
------------------------------------X
```

**SHIRLEY WOHL KRAM, U.S.D.J.**

On May 9, 1994, the petitioner, Jose Colon ("Colon"), was convicted of conspiracy to distribute, and possession with intent to distribute, heroin. Although Colon was initially sentenced to life imprisonment, his life sentence was vacated on appeal and the Court subsequently sentenced him to a term of 480 months' imprisonment. That sentence was then affirmed on appeal. Thereafter, Colon filed a motion under 28 U.S.C. § 2255, seeking to vacate, set aside, or correct his sentence. The Court rejected Colon's § 2255 petition in its entirety in an order dated November 5, 2003 (the "November 5 Order"). Colon now moves the Court, pursuant to Federal Rule of Civil Procedure 60(b)(6), to vacate its decision rejecting his § 2255 petition.

I.   BACKGROUND

Colon's § 2255 petition sought vacature of his sentence on the grounds that his trial and appellate counsel were ineffective. In particular, Colon contended that his trial

counsel was ineffective for failing to argue that Colon merely possessed heroin and had no intent to distribute it. Further, Colon claimed that his attorneys at resentencing and on appeal were ineffective for failing to raise his trial counsel's ineffectiveness. The Court rejected Colon's claims of ineffectiveness, concluding that the evidence of his intent to distribute was so powerful that his trial counsel's failure to raise the simple possession defense did not fall below an objective standard of reasonableness. Colon v. United States, No. 02 Civ. 8671(SWK), 91 Cr. 685(SWK), 2003 WL 22517132, at *2-*3 (S.D.N.Y. Nov. 6, 2003). As a result, the Court determined that Colon's trial counsel was not ineffective and that his subsequent attorneys were not ineffective for failing to raise his trial counsel's alleged ineffectiveness. Id.

Colon now purports to challenge the disposition of his § 2255 petition by requesting relief under Rule 60(b)(6). Since Colon is proceeding pro se, the Court must afford his submissions a liberal reading and interpret them "to raise the strongest arguments that they suggest." Bennett v. Goord, 343 F.3d 133, 137 (2d Cir. 2003) (citations and quotation marks omitted). In Colon's Rule 60(b)(6) motion, he disputes the sufficiency of the evidence supporting his intent to distribute heroin. He asserts that the two grams of heroin that he possessed were in glassine bags not bearing the name "Blue

2

Thunder," which appeared on the bags sold by the conspiracy of which Colon was a member. He concludes that there was a substantial basis for the inference that the bags of heroin he possessed were for personal use, not distribution. In consequence, Colon asserts two distinct claims. First, he challenges the Court's failure at trial to give a lesser-included-offense instruction, since there were grounds to find him guilty only of possession, rather than possession with intent to distribute, heroin. Second, Colon argues that the Court erred at his § 2255 proceedings by finding that there was extensive evidence of his intent to distribute heroin. This error presumably undermines the Court's ultimate conclusion that Colon's trial and appellate counsel did not provide ineffective assistance in forgoing the simple possession defense. In the discussion that follows, the Court finds both of these claims to be without merit.

**II.   DISCUSSION**

Rule 60(b) is not a vehicle for rearguing the merits of the challenged decision. Fleming v. New York Univ., 865 F.2d 478, 484 (2d Cir. 1989). Rather than standing in for an ordinary appeal, Rule 60(b) provides relief only in exceptional circumstances. Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986); see also Harris v. United States, 367 F.3d 74, 77 (2d. Cir. 2004) ("[A]n attack on the integrity of a previous habeas

3

proceeding using subsection (6) of Rule 60(b) is viable only in 'extraordinary circumstances.'"). Moreover, "relief under Rule 60(b) is available for a previous habeas proceeding only when the Rule 60(b) motion attacks the integrity of the previous habeas proceeding rather than the underlying criminal conviction." Harris, 367 F.3d at 77; accord Gitten v. United States, 311 F.3d 529, 532 n.4 (2d Cir. 2002).

### A. Court's Failure to Give Lesser-Included-Offense Instruction at Trial Is Not Challengeable Under Rule 60(b)(6)

In challenging the Court's failure to give a lesser-included-offense instruction at trial, Colon clearly attacks the validity of his underlying criminal conviction for possession with intent to distribute. Therefore, insofar as Colon's Rule 60(b)(6) motion is directed at this perceived shortcoming, his claim is not appropriately raised on this motion and is accordingly dismissed. Gitten, 311 F.3d at 534.

### B. Court's Finding that there Was Extensive Evidence of Colon's Intent to Distribute Is not Challengeable under Rule 60(b)(6) and Is in any Event Sound

Colon's challenge to the Court's finding that there was extensive evidence of his intent to distribute is essentially an attempt to relitigate the merits of his § 2255 petition. As such, this challenge is not properly made by way of Rule 60(b)(6) and must be dismissed. See Fleming, 865 F.2d at 484.

4

The impropriety of Colon's challenge to the Court's evidentiary finding is reinforced by the weakness of his underlying claim. Specifically, Colon argues that the absence of a "Blue Thunder" stamp on the two bags of heroin that he possessed undermines the Court's conclusion that there was extensive evidence of his intent to distribute. Colon's argument ignores the wealth of other evidence that the Court pointed to in dismissing his § 2255 petition, including the presence in his apartment of: "two handguns, 83 stamped glassines of heroin, a box of small plastic bags, a bag of rubber bands, a bag of clear vials, approximately $26,000 in cash, and an 'impulse sealer' designed to seal plastic bags." Colon, 2003 WL 22517132, at *2. Confronted with this evidence, the Court could hardly do anything but reaffirm its determination that "[counsel's] failure to raise the simple possession defense did not fall outside the range of reasonable professional assistance." Id. Consequently, even if Rule 60(b) were the proper vehicle for challenging the sufficiency of evidence supporting a court's factual and legal conclusions--a holding neither required nor supported by the instant Opinion--this is certainly not the proper case for that use of Rule 60(b).

In sum, Colon's challenge to the Court's finding that there was extensive evidence of his intent to distribute heroin presents no exceptional or extraordinary circumstances

5

justifying alteration of the November 5 Order. Rather than proffering any exceptional arguments or evidence, Colon impermissibly seeks to relitigate issues that were decided at his § 2255 proceedings, and thus, this portion of his Rule 60(b)(6) motion must be rejected and dismissed. See Fleming, 865 F.2d at 484; Harris, 367 F.3d at 77.

### III. CONCLUSION

Colon's Rule 60(b)(6) motion fails to raise any doubt as to the integrity of his § 2255 proceedings. Therefore, his motion must be denied in its entirety.

SO ORDERED.

_____
SHIRLEY WOHL KRAM
UNITED STATES DISTRICT JUDGE


Dated:   New York, New York
         December 14, 2006

6